UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| In Re: HARRY JAY SISKIND, ) | |
| ) | |
| Debtor, ) | |
| ) | |
| HARRY JAY SISKIND, ) | |
| ) | Civil Action No:  SA-13-CV-199-XR |
| Appellant, ) | |
| ) | Bankr. Case No. 12-53864-rbk |
| VS. ) | |
| ) | |
| MARY K. VIEGELAHN, ) | |
| ) | |
| Appellee. ) | |

**SHOW CAUSE ORDER**

On this date, the Court considered the status of this case. On January 24, 2013, Appellant/Debtor Harry Jay Siskind, *pro se*, filed a notice of appeal from the bankruptcy court's January 10, 2013 Order for Summary Dismissal of Chapter 13 Case (Bankr. Doc. No. 14). The appeal was docketed in this Court on March 12, 2013 and Appellant's brief was due by March 26, 2013. *See* FED. R. BANKR. P. 8009(a)(1) (providing that an appellant "shall serve and file a brief within 14 days after entry of the appeal on the docket"). To date, Appellant has not filed any briefing.

FED. R. BANKR. P. 8001(a) states that an "appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." A district court may exercise its discretion to dismiss an appeal under appropriate circumstances. *In re CPDC, Inc.*, 221 F.3d 693, 699 (5th Cir. 2000). Relevant here, a district court has discretion to dismiss a bankruptcy appeal if the appellant has failed to take steps to prosecute his appeal. *See Matter of Braniff Airways, Inc.*, 774 F.2d 1303, 1304-05 (5th Cir.1985). Accordingly, Appellant is hereby

ORDERED to file an advisory with this Court by no later than **June 7, 2013** showing cause why the Court should not exercise its discretion to dismiss this appeal for failure to file an appellate brief.

It is so ORDERED.

SIGNED this 24th day of May, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE